UNITED STATES

v.

Kettrell L. BERRY, 321 66 8557, Lance Corporal (E–3), U.S. Marine Corps.

NMCM 90 2787.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 26 Feb. 1990.

Decided 14 June 1991.

LT Randall L. Chambers, JAGC, USNR, Appellate Defense Counsel.

Maj Laura L. Scudder, USMC, Appellate Government Counsel.

Before ALBERTSON, LANDEN and LAWRENCE, JJ.

PER CURIAM:

Appellant was found guilty pursuant to his pleas of one specification of unauthorized absence from 6 June 1989 to 12 January 1990, in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886. He was sentenced by the military judge to reduction to pay grade E–1, forfeiture of $482.00 pay per month for 4 months, confinement for 4 months, and a bad-conduct discharge. The convening authority approved the sentence adjudged, however, he suspended confinement in excess of 60 days.

Appellant asserts one assignment of error.[1] The convening authority took action in appellant's case 133 days after sentence was adjudged. The record reveals that a large part of that time results from an unexplained delay of two and one-half months from the date sentence was adjudged until the detachment on 11 May 1990 of the convening authority who referred this case to trial. The convening authority who referred the case for trial determined after trial that, because of appellant's performance, he would suspend the bad-conduct discharge awarded. During the approximately 3 weeks prior to his detachment, he made several inquiries seeking to locate this 48-page record of trial so that he could effectuate his determination; however, he was informed that the record was "misplaced." Additionally, had defense counsel been served a copy of the unauthenticated record of trial in accordance with normal procedure, defense counsel could have expedited authentication of the record of trial and preparation of the staff judge advocate recommendation to meet the convening authority's understandable request to receive it prior to his detachment. After his detachment, the convening authority requested his successor to suspend the bad-conduct discharge, a recommendation concurred in by the judge advocate in his recommendation. The successor failed to do so and approved the bad-conduct discharge without suspension.

Although the Naval Clemency and Parole Board remitted the bad-conduct discharge to a general discharge, we find its action under Article 74, UCMJ, 10 U.S.C. § 874, separate and legally distinct from our responsibility under Article 66, UCMJ, 10 U.S.C. § 866. As a result of the delay in this case, the evidence of record shows that appellant was specifically prejudiced by the unexplained misplacing of the record of trial because he was denied an opportunity to return to duty to complete his enlistment and obtain any benefits resulting therefrom.

In exercising our authority to affirm only that portion of the sentence that we determine should be approved, we may not suspend any portion of that sentence. Article 66(c), UCMJ. Based on the foregoing facts particular to this case, we affirm the findings and only so much of the sentence as includes confinement for 60 days, forfeiture of $482.00 pay per month for 4 months, and reduction to pay grade E–1.

---

1. APPELLANT WAS PREJUDICED WHEN THE INORDINATE DELAY IN DELIVERING THE RECORD OF TRIAL TO THE CONVENING AUTHORITY RESULTED IN HIS BAD CONDUCT DISCHARGE NOT BEING SUSPENDED.